# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
# PEORIA DIVISION

| | |
|---|---|
| DERRICK ECHOLS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 08-cv-1132 |
| ) | |
| DON HULICK,[1] ) | |
| ) | |
| Respondent. ) | |

## O P I N I O N   A N D   O R D E R

Before the Court are Petitioner's Motion for Leave to Proceed in Forma Pauperis and Motion for Appointment of Counsel, both filed on June 6, 2008 [Docs. 2, 3]  For the reasons that follow, the Motion for Leave is DENIED as MOOT and the Motion for Appointment is DENIED.

Petitioner paid the required filing fee on June 30, 2008, rendering moot his Motion for Leave to Proceed in Forma Pauperis.  The remainder of this order will address Petitioner's Motion for Appointment of Counsel.  As a general rule, habeas petitioners, like other civil litigants, are not entitled to a court appointed attorney. Pruitt v. Mote, 503 F.3d 647, 653-54 (7th Cir. 2007).  However, when justice so requires, a federal district court may appoint counsel to an indigent habeas petitioner.  28 U.S.C. § 2254(h).  And if necessary for effective discovery or if an evidentiary hearing is warranted, a federal district court may be obligated to

---

[1] The Court substitutes Don Hulick as Respondent in this matter.  Petitioner incorrectly named The State of Illinois and the Attorney General of the State of Illinois as Respondents.  Mr. Hulick is the warden of Menard Correctional Center, where Petitioner is confined, and is the properly named Respondent.  See Rules Governing Section 2254 Cases in the United States District Courts 2(a).

appoint counsel.  See Rules Governing Section 2254 Cases in the United States District Courts 6(a), 8(c).  Additionally, a district court may ask an attorney to represent an indigent litigant in certain circumstances.  28 U.S.C. § 1915(e)(1).  In determining whether a request to counsel is appropriate, the court must consider the following factors: (1) whether the indigent litigant made a reasonable effort to retain counsel or was precluded from making such an effort; (2) whether the litigant appears capable of trying the case without counsel, given the complexity of the relevant legal issues; and (3) whether the presence of counsel would be outcome determinative.  Pruitt, 503 F.3d at 654.

    This Court finds that neither a hearing nor discovery is warranted at this time.  It is not necessary for the Court to appoint counsel to Petitioner.  Moreover, the Court will not request that an attorney assist Petitioner in this matter.  Petitioner offers no indication that he has made a reasonable, independent effort to retain counsel.  Further, Petitioner appears to be reasonably able to prosecute his claims without counsel.  In his habeas petition, Petitioner has identified his claims in an organized and coherent fashion.  His assertions are reasonably decipherable.  Additionally, Petitioner's claims do not appear to be extraordinarily complex.  As a result, it is unlikely that the involvement of counsel would have any significant bearing on the outcome of this matter.

    IT IS THEREFORE ORDERED that Petitioner's Motion for Appointment of Counsel is DENIED and his Motion for Leave to File in Forma Pauperis is DENIED as MOOT.  The clerk shall serve a summons and a copy of the petition upon

Respondent and the Illinois Attorney General.  Respondent shall file an Answer to the petition within 60 days.  Going forward, Petitioner shall serve upon Respondent a copy of every further pleading or other document submitted for the Court's consideration.

ENTERED this 2nd day of September, 2008.

s/ Joe B. McDade<br>
Joe Billy McDade<br>
United States District Judge