## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | | |
|---|---|---|
| DERRICK ECHOLS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 08-cv-1132 |
| | ) | |
| FRANK SHAW, *Warden, Stateville Correctional Center*, | ) ) | |
| | ) | |
| Respondent.[1] | | |

## **O P I N I O N  &  O R D E R**

Before the Court is a Petition for the Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, filed by Derrick Echols (Doc. 1). Petitioner Echols is an inmate at the Stateville Correctional Center in Joliet, Illinois. The Court received the instant Petition on June 6, 2008. On December 2, 2008, Respondent, Warden Frank Shaw, moved to dismiss the Petition (Doc. 12). For the reasons set out below, the Motion to Dismiss is GRANTED.

### BACKGROUND

In April 2002, a jury in the Circuit Court of Peoria County convicted Petitioner of two counts of first-degree murder. Petitioner was sentenced to life imprisonment. Petitioner appealed, and the Appellate Court of Illinois, Third District affirmed his conviction and sentence in a Rule 23 Order dated May 26,

---

[1] Stateville's current warden, Frank Shaw, is substituted in place of Don Hulick as the properly named Respondent in this habeas action. See Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts; Fed. R. Civ. P. 25(d); see also Bridges v. Chambers, 425 F.3d 1048, 1049-50 (7th Cir. 2005).

2004.  (Ex. A, Mot. to Dismiss).  Petitioner then filed a Petition for Leave to Appeal (PLA) in the Illinois Supreme Court, which the court denied on October 6, 2004.  (Ex. B, Mot. to Dismiss).  Petitioner did not petition the United States Supreme Court for a writ of certiorari on direct appeal.

On April 13, 2005, Petitioner filed a petition for state post-conviction relief in Illinois circuit court, challenging his conviction.[2]  (Ex. C, Mot. to Dismiss).  The state court summarily dismissed the post-conviction petition.  Petitioner appealed, and the state appellate court affirmed.  (Ex. F, Mot. to Dismiss).  Petitioner subsequently filed a PLA with the Illinois Supreme Court, which the court denied on January 24, 2007.  (Ex. G, Mot. to Dismiss).  Petitioner then petitioned the United States Supreme Court for a writ of certiorari.  The Supreme Court denied certiorari on January 14, 2008.  (Ex. H, Mot. to Dismiss).

Petitioner apparently attempted to file the instant federal habeas Petition on February 25, 2008.  However, he sent it to the wrong court.  According to Petitioner, this error spurred a chain of events which prevented him from filing the Petition in this Court until June 6, 2008 (See Docs. 1, 4, 14).  Although the filing error and the circumstances resulting from it were quite clearly Petitioner's fault, Respondent does not object to giving Petitioner the benefit of a February 25, 2008 filing date.  Accordingly, the Court will treat the instant Petition as though it were filed on February 25, 2008.

---

[2] For purposes of this Opinion, the Court finds that Petitioner filed the state post-conviction on the date he deposited it in the mail at the facility of incarceration.  See Illinois v. Saunders, 633 N.E.2d 1340, 1341 (Ill. App. Ct. 1994) (adopting mailbox rule in determining the date state post-conviction proceeding commenced).

In the present federal habeas action, Petitioner alleges various due process violations and ineffective assistance of counsel under the Sixth Amendment. Respondent has moved to dismiss the Petition as time-barred under the limitation period set out in 28 U.S.C. § 2244(d). Petitioner has responded in opposition to the motion. (Docs. 14-16).

## DISCUSSION

Petitioner seeks federal habeas relief pursuant to 28 U.S.C. § 2254. His Petition is, therefore, subject to a one-year statute of limitation outlined in 28 U.S.C. § 2244(d):

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

The limitation period is tolled during the pendency of state post-conviction proceedings. 28 U.S.C. § 2244(d)(2).

Petitioner does not allege any circumstances that would invoke § 2244(d)(1)(B), (C) or (D). Therefore, the applicable limitation period began to run on the date Petitioner's conviction became final.[3] Under § 2244(d)(1)(A), a judgment of conviction becomes final "by the conclusion of direct review or the expiration of the time for seeking such review." Because Petitioner did not pursue a writ of certiorari from the United States Supreme Court on direct appeal, his conviction became final 90 days after October 6, 2004 (the date on which the Illinois Supreme Court denied his PLA on direct appeal). Anderson v. Litcher, 281 F.3d 672, 675 (7th Cir. 2002). January 4, 2005 is the date Petitioner's conviction became final for purposes of § 2244(d)(1)(A). Absent tolling of the limitation period, Petitioner had one year from January 4, 2005 to file a petition for federal habeas relief pursuant to 28 U.S.C. § 2254.

Under § 2244(d)(2), the applicable limitation period is tolled during the pendency of a properly filed state post-conviction petition. Pace v. DiGuglielmo, 544 U.S. 408, 410 (2005). It is undisputed that Petitioner properly-filed his state post-conviction petition on April 13, 2005. The

---

[3] Petitioner does allege that prison lockdowns prevented him from filing his Petition earlier. With this allegation, Petitioner may be attempting to point out a state-created impediment to filing, under § 2244(d)(1)(B). The Court is not persuaded. Petitioner provides virtually no detail about the timing and nature of the alleged lockdowns. Nor does Petitioner adequately explain how the lockdowns foreclosed any possibility of filing the Petition earlier. Lloyd v. Vannatta, 296 F.3d 630, 633 (7th Cir. 2002) ("[W]hatever constitutes an impediment [under section 2244(d)(1)(B)] must prevent a prisoner from filing his petition."). Further, Petitioner has not alleged that the lockdowns were unconstitutionally imposed. See Atkins v. United States, 204 F.3d 1086, 1090 (11th Cir. 2000) (citing Lewis v. Casey, 518 U.S. 343, 361 (1996)).

corresponding state post-conviction proceedings ended on January 24, 2007 when the Illinois Supreme Court denied Petitioner's PLA. See Lawrence v. Florida, 549 U.S. 327, 332 (2007) (for purposes of § 2244(d)(2), state post-conviction review ends after the state's courts have resolved the matter). Accordingly, Petitioner's limitation period was tolled from April 13, 2005 to January 24, 2007.

With the tolled period factored in, Petitioner's statutory clock under § 2244(d) ran for a period of 99 days from January 4, 2005 to April 13, 2005. It then ran for a period of 397 days from January 24, 2007 to February 25, 2008 -- for a total of 496 days. The Petition was, therefore, filed outside § 2244(d)'s one-year limitation period.

Equitable tolling is not warranted under the facts of this case. Equitable tolling applies when "extraordinary circumstances outside of the petitioner's control prevent timely filing of the habeas petition." Gildon v. Bowen, 384 F.3d 883, 887 (7th Cir. 2004). No extraordinary circumstances exist here. Petitioner's apparent misunderstanding of § 2244(d)'s limitation mechanism is no excuse for his untimely filing. Williams v. Sims, 390 F.3d 958, 963 (7th Cir. 2004). Further, the Court is not persuaded by Petitioner's contention that prison lockdowns significantly interfered with his ability to file his Petition on time.[4]

---

[4] Prison administrative measures such as lockdowns and segregation do not usually warrant equitable tolling. See, e.g., Jones v. Hulick, 449 F.3d 784, 789 (7th Cir. 2006). In fact, equitable tolling is rarely ever granted in the habeas context. Id. In the present case, Petitioner claims that he would have filed his Petition on or about

## CONCLUSION

For the foregoing reasons, Respondent's Motion to Dismiss (Doc. 12) is GRANTED. The instant Petition for the Writ of Habeas Corpus under 28 U.S.C. § 2254 (Doc. 1) is DISMISSED WITH PREJUDICE.

ENTERED this <u>30th</u> day of June, 2009.

s/ Joe B. McDade<br>
JOE BILLY McDADE<br>
United States District Judge

---

November 29, 2007 if lockdowns had not occurred. Even if true, the allegation would change nothing because the Petition became time-barred before that date.